IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>NURSING CARE IN HOME, LLC, AND<br>RUSTAM SUVANIDZE<br><br>    Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Nursing Care In Home, LLC, doing business as Meridius Health, a limited liability company, and Rustam Suvanidze, individually and as owner, officer, and manager of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

3. Defendant Nursing Care in Home, LLC, doing business as Meridius Health, ("Meridius") is a limited liability company with a registered address at 27 Kings Pointe Drive, Lititz, Pennsylvania. Meridius is engaged in a domestic homecare business operating within the jurisdiction of this Court.

4. Defendant Rustam Suvanidze is an owner of Meridius. Mr. Suvanidze directed employment practices within Pennsylvania and has directly or indirectly acted in the interest of Meridius in relation to its employees within Pennsylvania at all relevant times herein, including making business decisions, engaging the firm in contracts, hiring and firing employees, setting their pay rates, and creating company policies that affect employees.

5. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) the provision of home health care services in furtherance of the business purposes of Defendants' unified business entity.

6. At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Further, at all times relevant herein, Defendants have had annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act.

7. Defendants employ persons in Pennsylvania in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act, 29 U.S.C. § 202(a)(5). Meridius's employees

employed as direct care workers ("DCWs") or caregivers (collectively, "employees") provide in-home care services to Meridius's clients within Pennsylvania.

8. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

9. For example, during the time period from at least January 1, 2019, through at least December 31, 2020, Defendants failed to compensate certain of their employees who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates. During this time period, these employees worked at least one hour in excess of forty per workweek. During this time period, many employees worked in excess of fifty hours per workweek.

10. Defendants paid many employees at established regular hourly rates ranging between approximately $12.00 and $14.00 per hour, and paid certain employees that same regular rate for all hours worked in a workweek, including hours worked over forty in a workweek.  Therefore, for these employees, Defendants did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

11. In addition, in at least one instance, Defendants reduced the hourly rate they paid based on the number of hours worked, in effect paying the regular rate for all hours worked, including hours worked over forty.

12. Starting in approximately April 2020, Defendants began paying some employees overtime premium pay for hours worked over 40 in a workweek, but continued to pay straight time for overtime hours worked to other employees.

13. Defendants also paid certain employees approximately a $240.00 bi-weekly "hazard pay bonus" in addition to employees' regular rates of pay. Certain employees who received this "hazard pay bonuses" worked at least one hour in excess of forty per workweek. Many employees worked in excess of fifty hours per workweek. Defendants failed to include the $240.00 "hazard pay bonuses" in these employees' regular rates when calculating overtime pay due in overtime workweeks.  Therefore, for these employees, Defendants also did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

14. In engaging in the above conduct, Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek.

15. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

16. For example, Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' regular hourly rates of pay, total weekly straight-time earnings, total weekly overtime premium pay, and total deductions. 29 C.F.R. §§ 516.2(a)(6), (8), (9), (10).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least January 1, 2019, through at least December 31, 2020, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after December 31, 2020, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
| U.S. Department of Labor | Seema Nanda |
| Office of the Regional Solicitor | Solicitor of Labor |
| 1835 Market Street | |
| Mailstop SOL/22 | Oscar L. Hampton III |
| Philadelphia, PA 19103 | Regional Solicitor |
| (215) 861-5032 (voice) | |
| (215) 861-5162 (fax) | |
| aaron.deirdre.a@dol.gov | */s/ Deirdre A. Aaron* |
| | By: Deirdre A. Aaron |
| Date: April 8, 2022 | PA ID #323389 |
| | Trial Attorney |

6

## SCHEDULE A

| Last Name | First Name |
|---|---|
| Abel | Sara |
| Adair | Kreta |
| Akimov | Lydia |
| Akimov | Tatjana Total |
| Akingbade Adebusuyi | Mopelola |
| Alicea | Liza |
| Almonte | Esmeralda |
| Apakian | Amber |
| Arroyo | Ramon |
| Arroyo | Soniris |
| Ashe | Danalyn |
| Autry | Maria |
| Baker | Aaliyah |
| Balan | Domka |
| Bare | Kirsten |
| Beard | William |
| Becker | David |
| Bido | Agueda |
| Binimow | Faith |
| Black | Maggie |
| Borisik | Svetlana |
| Bottner | Tammy |
| Bowman | Deidra |
| Bradley | Yolanda |
| Brady | Marie |
| Brown | Gordon |
| Brown | Lachelle |
| Brown | Tanisha |
| Cadeau | Rosemarie |
| Camara | Eugene |
| Cange | Margaret |
| Cange | Paulcy |
| Carrasco | Ramon |
| Carroll | Veronica |
| Chekanov | Lilia |

| | |
|---|---|
| Chekanov | Lyubov |
| Clemons | Benjamin |
| Colon | Carmen |
| Colon | Nancy |
| Colon | Rose |
| Corona | Kayla |
| Cruz-Martinez | Marilyn |
| Cruz-Martinez | Richard |
| Cruz-Rivera | Marilyn |
| Dang | My |
| Davenport | Deandre |
| De Rosa | Karen |
| Dejesus | Anissa |
| DeJesus | Milagros |
| Delgado | Robert |
| Diaz | Ashley |
| Diaz | Demetria |
| Druck | Kimberly |
| Duffy | Carol |
| Duncan | Troy |
| Ensinger | Christine |
| Eyedo | Angeline |
| Fargas | Marisol |
| Faroul | Yonel |
| Frampton | Rhiannon |
| Gabriel | Astar |
| Gamble | Tyjuan |
| Gatta | Nicolette |
| George | Amir |
| Gibson | Brittney |
| Glatfelter | Kelly |
| Gonzalez | Cindy |
| Gonzalez | Detra |
| Good | Leona |
| Goodyear | Kara |
| Greo | Luz |
| Guzman | Nebetsi |
| Hernandez | Damaris |
| Hill | Megan |

| | |
|---|---|
| Hobbs | Dianti |
| Hopple | Bette |
| Huertas | Jelisa |
| Hull | Kevina |
| Jackson | Rikki |
| Jankans | Leanne |
| Jefferson | Anthony |
| Jefferson | Shyheme |
| Johns | Jarissa |
| Jones | Latasha |
| Kaur | Kawalpreet |
| Kissick | Leah |
| Kope | Jennifer |
| Kotlyarova | Nadiya |
| Kvastiani | Elena |
| Lara | Iris |
| Layer | Sadequia |
| Lebo | Teresa |
| Leonor | Melissa |
| Lockman | Derrick |
| Locus | Theresa |
| Lopez | Ruth |
| Lopez-Matos | Michell |
| Lozano | Tiffany |
| Mack | Bria |
| Manor | Cherweena |
| Mansfield | Lashauna |
| Manuel | Chelsey |
| Marion | Mary |
| Marmol | Wendy |
| Marte | Felix |
| Martinez | Gismenia |
| Matthews | Janet |
| McCowin III | Albert |
| McCowin | Latricia |
| Medina | Marshay |
| Meikheil | Amira |
| Montgomery | Khaleda |
| Montroy | Kristine |

3

| | |
|---|---|
| Muhammed | Elijah |
| Mulligan | Ricardo |
| Murillo | Kassandra |
| Naji | Tamisha |
| Noa | Llaris |
| Noriega | Dunia |
| Orr | Monique |
| Padin Pizarro | Tania |
| Parham | Crystal |
| Pastrana | Tatiana |
| Pelent | Lazelda |
| Penn | Veniece |
| Persuad | Wanda |
| Peterson | Bernice |
| Pharr | Kelly |
| Porter | Andrea |
| Pritchett | Daryl |
| Prykhodko | Helen |
| Pryor | Tiffanie |
| Ream | Cora |
| Richard | Mary |
| Richardson | Theresa |
| Ritter | Joetta |
| Rivera | Evanesse |
| Rivera | Felix |
| Rivera | Jorge |
| Rivera | Luis |
| Rivera | Sacha |
| Rivera-Torres | Denea |
| Robinson | Daishawn |
| Rodriguez | Janed |
| Rodriguez | Marisela |
| Rodriguez | Marisol |
| Rodriguez | Tiffany |
| Salazar | Ana Lilia |
| Sanchez | Jocelyn |
| Sanchez | Tatianna |
| Sanderson | Jessica |
| Santiago | Nancy |

| | |
|---|---|
| Santiago | Quintin |
| Santiago-Torres | Marangeli |
| Santos | David |
| Santos | Yamila |
| Sechrist | Tammy |
| Seifert | Neal |
| Seiler | Carol |
| Sicard | Elizabeth |
| Silva | Lariza |
| Sloan | Joyce |
| Smith | Beverly |
| St Clair | Estella |
| Stackfield | Gary |
| Stewart | Kenisha |
| Su | Lan |
| Supiyanov | Asim |
| Swingler | Stacey |
| Tavarez | Cesar |
| That | Tuan |
| Tkach | Yuliya |
| Tomlin | Jacoby |
| TonThat | Trung |
| Toro | Kalliza |
| Torres Rivera | Melisa |
| Torres | Gloria |
| Torres | Yamari |
| Tran | Tiffany |
| Turner | Kim |
| Vandine | Carl |
| Warren | Ashley |
| Warren | Tracy |
| Watkins | Karona |
| Watson | Diane |
| Weaver | John |
| Williams | Alea |
| Williams | Ezell |
| Winkey | Andre |
| Witt | Lauryn |
| Witt | Mario Sr |

5

| Young | Pamela |
| --- | --- |
| Young | Terry |